```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                        |   |                        |
|------------------------|---|------------------------|
| ALLEN LOU STICKLES     | : |                        |
|                        | : |                        |
| v.                     | : | Civil No. WMN-05-1330  |
|                        | : |                        |
| SAM'S EAST, INC.       | : |                        |

## MEMORANDUM

On May 16, 2005, Allen Lou Stickles filed suit in this Court setting forth a number of claims against his employer, Sam's East, Inc. On November 30, 2005, this Court issued an opinion granting Defendant's motion for partial summary judgment. See Paper No. 16 for more detailed factual background and contested legal issues. In short, this Court dismissed all of Allen Stickles' claims except for his claim for discrimination and retaliation under the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1990.

Allen Stickles died suddenly of natural causes on February 28, 2006. Paper No. 31 - May 30, 2006, Letter from Charles Stickles. Upon his death, Charles Stickles, the brother and Personal Representative of the estate of Allen Stickles, contacted Allen Stickles' attorney, George Golomb, and notified him of Allen's death and requested that he continue with the case. Id. At the behest of Charles Stickles, Golomb contacted Defendant's attorneys and requested a settlement. Id.

Settlement negotiations took place in March 2006, a settlement was reached, and on April 17, 2006, Charles Stickles signed the settlement agreement as his brother's personal representative. Id.; Paper No. 33 - Defendant's response to May 30, 2006, Letter. Defendant was not informed of Allen Stickles' death until Charles Stickles signed the settlement agreement.[1]  Paper No. 33.

On April 24, 2006, Defendant filed a suggestion of death with the Court.  On May 4, 2006, Golomb filed a motion to withdraw as counsel, which this Court subsequently granted.  On June 23, 2006, Charles Stickles was substituted for Allen Stickles as the plaintiff in this case and new counsel entered his appearance on behalf of Charles Stickles.

Now before the Court is Charles Stickles' proposed order of dismissal on the condition that Defendant perform its obligations under the April 17, 2006, Settlement Agreement.  Paper No. 35. Defendant has consented to the dismissal of the action, but does not concede that the parties have entered into a valid settlement agreement.  Defendant argues that the news of Allen Stickles' death was withheld from Defendant during the March 2006 settlement negotiations and, as such, the agreement to settle is

---

[1] Charles Stickles does not contend that Defendant was aware of Allen Stickles' death prior to or during settlement negotiations.  In fact, he admits that Defendant was not notified of the death until the agreement was signed: "Apparently, when Sam's East attorney received the settlement and notification of Allens' death, they would not honor [the agreement]."  Paper No. 31.

null and void because it was fraudulently induced.

Withholding material information from the opposing party during settlement negotiations, whether it be done by fraud, negligence or innocently, entitles Defendant to rescind the agreement.  See Chavez v. New Mexico, 397 F.3d 826, 831 (10th Cir. 2005).  The news of Allen Stickles' death was material information that was withheld from Defendant during settlement negotiations.  Charles Stickles does not refute, but rather confirms, that Allen Stickles died prior to the commencement of settlement negotiations and Defendant was not informed of this death until the conclusion of negotiations.  As such, the Defendant was free to rescind its settlement offer and this Court will not enforce the agreement.

Because the settlement agreement is invalid, it is not possible to fulfill Charles Stickles' condition precedent to his motion to dismiss with prejudice and thus, the motion will be denied as moot.  The Court understands that at one time an alternative settlement amount was offered to Charles Stickles.  Given the invalidity of the settlement agreement and the difficulty of proving Allen Stickles' claims without his being deposed before his death, the Court anticipates that Mr. Stickles will give that alternative offer careful consideration, assuming it is still on the table.  The parties should provide the Court with a joint status report indicating whether a settlement has

been reached, or submitting a proposed schedule for discovery within 14 days from the issuance of this opinion.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

Dated: July 5, 2006.